993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Quinn BROWN, Defendant-Appellant.
 No. 92-6661.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 8, 1993
Decided: April 27, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Robert D. Potter, District Judge. (CR-87-20-ST-P)
 Jack W. Stewart, Asheville, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Kenneth D. Bell, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, HALL, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Quinn Brown appeals from the district court's order denying his motion to correct an illegal sentence under former Fed. R. Crim. P. 35(a). Brown was convicted after trial by jury of one count of conspiring to possess with intent to distribute cocaine, and four counts of possessing with intent to distribute cocaine and aiding and abetting the same, in violation of 21 U.S.C.A. §§ 841, 846 (West 1981 & Supp. 1992), and 18 U.S.C. § 2 (1988). He was sentenced under the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207-2, 3207-4, to twenty years on the conspiracy count and to a collective total of twenty years on the remaining four counts, to run concurrently. His conviction and sentence were affirmed by this Court in October 1988. United States v. Duckett, No. 87-5661(L) (4th Cir. Oct. 24, 1988) (unpublished). Brown then filed several unsuccessful Rule 35 motions, the last of which is the subject of this appeal.
 
 
 2
 Brown alleges in this latest attempt to undo his sentence that the district court improperly applied the Anti-Drug Abuse Act of 1986 and its harsher penalties at sentencing, because that Act did not go into effect until October 27, 1986, after the date of Brown's overt acts in furtherance of the conspiracy, and that application of the Act violated the Ex Post Facto Clause. These arguments are without merit. The conspiracy for which Brown was convicted lasted until December 27, 1986-the date upon which two coconspirators transacted drugs. Brown failed to affirmatively show that he withdrew from the conspiracy before this time. Hence, the district court properly viewed his membership as continuing for the duration. United States v. Barsanti, 943 F.2d 428, 437 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3652 (1992); United States v. West, 877 F.2d 281, 289 (4th Cir.), cert. denied, 493 U.S. 869, 959 (1989), cert. denied, 493 U.S. 1070 (1990). Given the continuing nature of the conspiracy, Brown's Ex Post Facto Clause argument must likewise fail.
 
 
 3
 Brown also alleges that the twenty-year sentence he received for conspiracy constituted cruel and unusual punishment relative to the sentences received by his coconspirators. This claim, properly construed as a motion under 28 U.S.C. § 2255 (1988),* must likewise fail. Extended proportionality review is not required where the sentence imposed is less than life imprisonment without parole. United States v. Rhodes, 779 F.2d 1019, 1028 (4th Cir. 1985), cert. denied, 476 U.S. 1182 (1986). Given the moderate sentence imposed here, we find that Brown's sentence for conspiracy was not excessive.
 
 
 4
 We therefore affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Because Brown's sentence was not illegal, this final claim is not cognizable under Rule 35(a). United States v. Pavlico, 961 F.2d 440, 443 (4th Cir.), cert. denied, 61 U.S.L.W. 3259 (1992)